**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000459
26-AUG-2016
09:31 AM**

NO. CAAP-15-0000459

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KEONAONA FERREIRA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-15-01227)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Defendant-Appellant Keonaona Ferreira appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, which was filed on May 19, 2015 in the District Court of the First Circuit, ʻEwa Division ("District Court").[1] Ferreira was convicted of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes 219E-61(a)(1), (a)(3), and (b)(1) (Supp. 2015).

On appeal, Ferreira claims that the District Court erred by: (1) taking judicial notice of a variety of factors with regard to the Intoxilyzer 8000, Serial number 80-003488, including that the machine had been approved by the State of Hawaiʻi, Department of Health ("DOH"); (2) admitting the sworn out-of-court statements of a law enforcement supervisor regarding the accuracy of the Intoxilyzer 8000 because, Ferreira claims, those statements lacked foundation, violated her right to confrontation, did not qualify as an exception to the general rule against hearsay, and there was no showing that the supervisor was unavailable to testify; and (3) admitting the supervisor's statements because there was no showing of strict compliance with Hawaii Administrative Rules ("HAR") § 11-114-9(c).

---

[1] The Honorable Michael A. Marr presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments they advance and the issues they raise, we resolve Ferreira's points of error as follows, and affirm:

(1) The District Court did not err by taking judicial notice that CMI, Inc. was the manufacturer of the Intoxilyzer 8000, Serial number 80-003488; that the Intoxilyzer 8000 was approved by the DOH as an accepted breath alcohol testing instrument; that the internal standards verification device was approved by the DOH; and that the Intoxilyzer 8000 Breath Alcohol Operator Training Manual was approved by the DOH as a training program that complied with HAR § 11-114-10. *E.g.*, *State v. Davis*, No. CAAP-12-0001121, 2015 WL 4067267, *1 (Hawaiʻi App. June 30, 2015), *cert. granted*, No. SCWC-12-0001121, 2015 WL 6872512, *1 (Hawaiʻi Nov. 6, 2015) (holding that Intoxilyzer 8000 Accuracy Tests were admissible under Hawaiʻi Rules of Evidence ("HRE") Rule 803(b)(8) and 902(4) as self-authenticating public records). Although Plaintiff-Appellee State of Hawaiʻi again failed to submit copies of the judicially noticed documents to the District Court, *see State v. Elberson*, No. CAAP-13-0000023, 2015 WL 3476389, (Hawaiʻi App. May 29, 2015), *vacated on other grounds*, No. SCWC-13-0000023, 2016 WL 882246 (Hawaiʻi Mar. 4, 2016), the State provided those documents on appeal. *See* Haw. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding.").

The documents indicate that the State DUI Coordinator approved the use of the Intoxilyzer 8000 and noted that the Intoxilyzer 8000 is listed in the Conforming Products List of Evidential Breath Measurement Devices published by the National Highway Traffic Safety Administration, which states that the Intoxilyzer 8000 is manufactured by CMI. Moreowver, the DUI Coordinator also confirmed that the Intoxilyzer 8000 conforms to the requirements of the Hawaii Administrative Rules, Title 11, Chapter 114. Conforming Products List of Evidential Breath Measurement Devices, 77 FR 35747 (June 14, 2012). Further, the State DUI Coordinator approved the use of the Honolulu Police Department's ("HPD's") Intoxlizyer 8000 Breath Alcohol Test

Procedure dated February 12, 2009, and stated that the Test Procedure complied with HAR Title 11, Chapter 114. In addition, approval was given for use of the Intoxilyzer 8000's internal standards as an accuracy verification device with each breath alcohol test. Finally, the proferred documents show that the State DUI Coordinator confirmed the approval of the HPD's Intoxilyzer 8000 Breath Alcohol Operator Training Program Outline dated February 4, 2009 and that the training program complied with HAR § 11-114-10.

Thus, the District Court did not err by taking judcial notice of the above-listed factors regarding the Intoxilyzer 8000 for the reasons Ferreira has stated. *See Davis*, 2015 WL 4067267, at *1 (citing *State v. West*, No. CAAP-12-0000717, 2015 WL 3422156, *2-4 (Hawai'i App. May 27, 2015)).

(2) The District Court did not err by admitting the supervisor's sworn statements contained in State's Exhibits 1 and 2. *See id.*, at *1. The exhibits were admissible under HRE Rule 803(b)(8) and 902(4). *Id.* The HPD's Intoxilyzer 8000 accuracy tests must be kept and maintained by the intoxilyzer supervisor for at least three years. Haw. Admin. R. § 11-114-12. Thus, the exhibits are public records or reports of a public agency and, therefore, fall within a firmly rooted exception to hearsay within the meaning of HRE Rule 803(b)(8). *E.g.*, *West*, 2015 WL 3422156, at *2 ("The State sufficiently established the reliability of the test results by demonstrating compliance with the applicable administrative rules."); *Ohio v. Roberts*, 448 U.S. 56, 66 (1980) ("Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception."); *Cf.* *United States v. DeWater*, 846 F.2d 528, 529 (9th Cir. 1988) (holding that intoxilyzer test results in an OVUII case were admissible under the public records and reports exception to the hearsay rule), *cited with approval* in *State v. Ofa*, 9 Haw. App. 130, 136, 828 P.2d 813, 817 (1992).

Alternatively, the exhibits were also self authenticating under HRE Rule 902(4) as certified copies of public records. "The exhibits were certified as a true, full, and correct copies of the originals by the custodian of records," and

3

so Ferreira's "objection for lack of foundation was [also] without merit." Davis, 2015 WL 4067267, at *1. Moreover, "admission of the exhibits did not violate [Ferreira's] right to confrontation." Id. (citing West, 2015 WL 3422156 at *4). A showing that the supervisor was unavailable also was not required. Ofa, 9 Haw. App. at 135-39, 828 P.2d at 816-18 (concluding that the declarant need not be unavailable to satisfy the confrontation clause under the public records exception); see State v. Marshall, 114 Hawaiʻi 396, 402, 163 P.3d 199, 205 (App. 2007); United States v. Keplinger, 572 F.Supp. 1068 (E.D. Ill. 1983).

(3) Ferreira does not identify where in the record she objected to the admission of the supervisor's sworn statement based on the failure to comply with HAR § 11-114-9(c). Therefore, the point of error is waived. Haw. R. App. P. 28(b)(4)(iii) (requiring that an appellant must identify where in the record the alleged error was objected to or the manner in which the alleged error was brought to the court's attention); see also Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 114 n.23, 176 P.3d 91, 113 n.23 (2008) ("[T]his court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions." (citation omitted)).

Therefore, the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on May 19, 2015 in the District Court of the First Circuit, ʻEwa Division, is affirmed.

DATED: Honolulu, Hawaiʻi, August 26, 2016.

On the briefs:

Benjamin Ignacio
(Hawk Sing & Ignacio),
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4